# FRANCISCO OLIVIERI
*v.*
# SANTOS TOMEI.

---

LIABILITY OF AGENT TO PRINCIPAL FOR INTEREST—DEMAND BEFORE SUIT.

1. It should be presumed an agent to collect a debt collected the interest due on it. This was his duty.
2. It is a general rule that a principal must demand of his agent money collected by him in the course of his agency before he can sue for it. There are, however, limitations upon this rule. If he be merely a collecting agent, and fails to render an account of it or to report it within a reasonable time, such demand is not necessary.

December 3, 1903.

---

*Mr. N. B. K. Pettingill* for plaintiff.

*Mr. H. F. Hord* for defendant.

HOLT, Judge, delivered the following opinion:

By consent a jury has been waived herein, and the law and facts submitted to the court. It is shown that the defendant Santos Tomei, was, on October 7th, 1890, by a power of attorney from Antonio, Francisco, and Rosana Olivieri, constituted their agent to collect the balance owing on a certain mortgage credit of 5,000 pesos from Domingo Dominico. The debt was payable 1,000 pesos May 31st, 1889, and a like sum on

each May 31st following until all should be paid, or in five payments. The first one was paid to Antonio Olivieri. The defendant presents the general issue, and it has been earnestly urged in argument that it is not shown he collected any interest, and that he should not be made liable for any.

The defendant acknowledged in writing, on August 21st, 1899, the receipt of the last four payments. This action is for the one-third portion thereof of the plaintiff, Francisco Olivieri, and the writing expressly says that there was paid to the defendant the interest due for the delay in the payment of the second instalment; and it is fairly to be presumed he collected interest upon the payments from the time they were due until such collection. It was his duty to do so. It is not shown that the plaintiff had made a demand of payment of him before the bringing of this suit; and it is therefore said he is not liable for interest after he made the collection. The general rule is, that the principal must make a demand of his agent before he can recover money received by the agent in the course of his agency. It has been held by high authority, however, that this rule does not apply to a mere collecting agent, who receives money for his principal; but that it is his duty to pay it over within a reasonable time; and if not so paid, the principal may sue him therefor without any previous demand. Lillie v. Hoyt, 5 Hill, 395, 40 Am. Dec. 360.

In any event there are limitations upon the general rule, one of which is, that if the agent fails to render an account, or to notify his principal of the collection of money within a reasonable time, a demand for payment before suit is not necessary. 1 Am. & Eng. Enc. Law, p. 1092.

In this instance the defendant has for a long time and improperly withheld the money from his principal. There has been an unreasonable delay in its payment. He was a mere

Olivieri v. Tomei.

collecting agent. It was his duty to account and pay over the money to his principal. So far as is shown he returned no account whatever to him. He collected it for the use of his principal, and he not only had a right to receive it, but it was his agent's duty to pay it over within a reasonable time. This he failed to do, and he is chargeable with interest from the time the payments became due. They were due, respectively, May 31st, 1890, May 31st, 1891, May 31st, 1892, and May 31st, 1893. A reasonable average of time as to them would be December 1st, 1891; and until December 1st, 1903, would be twelve years, for which the defendant is liable for interest at 6 per cent per annum. The plaintiff's one third of the 4,000 pesos is 1,333 1-3 pesos, and the interest thereon amounts to 960 pesos; making a total of 2,293 1-3 pesos, which, counted in the present currency at 60 cents to the peso, makes $1,376. And it is adjudged that the plaintiff, Francisco Olivieri, recover of the defendant, Santos Tomei, this sum with 6 per cent interest thereon from this date until paid, and his costs herein expended.